**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

      Plaintiff,

**v.**                                 **CRIMINAL ACTION NO. 3:07-CR-27
(JUDGE GROH)**

**ADRIAN G. VANLEEN,**

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL

On February 26, 2013, Defendant Adrian G. Vanleen, by counsel, filed a "Motion for Bond Pending Appeal" pursuant to 18 U.S.C. § 3143(b)(1) [Doc. 76]. The Court ordered the Government to file its response by March 6, 2013. The Court did not receive a response from the Government; therefore, Defendant's motion is ripe for review.

On December 4, 2012, the United States Probation Office for the Northern District of West Virginia filed a petition to revoke the Defendant's supervised release. The petition alleged that Defendant violated the conditions of his release by committing a new law violation, failing to register as a sex offender, and failing to obtain the permission of the probation office before traveling out of the district. On February 12, 2013, following a hearing, this Court found that the Defendant violated those conditions stated in the petition and revoked his supervised release. This Court sentenced the Defendant to three months incarceration and ordered Defendant to self-report for

1

service of his sentence on March 11, 2013. The Court entered its judgment on February 14, 2013.

18 U.S.C. § 3143(b) requires that a person found guilty of an offense and sentenced to a term of imprisonment be detained unless the Court finds (1) by clear and convincing evidence, that the person is not likely to flee or pose a danger to the safety of any other person or the community, (2) that the appeal is not for the purpose of delay, and (3) that the appeal raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

First, Defendant asserts that he is not likely to flee or pose a danger to the safety of any other person or the community because he is "89 years old with health issues typical of his age." [Doc. 76]. Additionally, the Defendant has been on supervised release since October 20, 2011. He appeared for his preliminary and final revocation hearings, and the Court allowed him to self-report to begin serving his three month sentence on March 11, 2013. Also, the Defendant was sentenced to six (6) months home confinement with electronic monitoring by the Morgan County Circuit Court of West Virginia for failure to register as a sex offender, which is the underlying new law violation listed in the petition for revocation. Defendant will be monitored electronically by the State of West Virginia's probation office until early May 2013.

Second, Defendant and his counsel contend that the appeal is not for the purposes of delay, and the Government has not contested this issue.

Third, the crux of the issue is whether a substantial question of law or fact is

presented.  A substantial question of law or fact is defined as "a 'close' question or one that very well could be decided the other way.  Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones.  Whether a question is "substantial" must be determined on a case-by-case basis." ***United States v. Steinhorn***, 927 F.2d 195, 195 (4th Cir. 1991) (citation omitted). Defendant's counsel admits that the appeal will most likely not raise a substantial question of law or fact likely to result in a reversal, an order for a new hearing, or a sentence that does not include imprisonment or a reduced term of imprisonment.  Defendant explicitly acknowledges that he does not meet the requirements under 18 U.S.C. § 3143(b) as there is no substantial question of law or fact likely to result in a reversal, a new hearing, a sentence that does not include imprisonment, or a reduced term of imprisonment.  Thus, Defendant has failed to establish the statute's third prong.

However, Defendant argues that the appellate court will reduce or remove his sentence of imprisonment given that the Defendant's sentence was too severe in light of his age, his health, and the nature and circumstances of his violations.  At the Defendant's sentencing, the Court considered the Defendant's age, health, and the nature and circumstances of his violations, and the Court sentenced Defendant to a three month term of imprisonment.  Therefore, this Court issued a reasonable and appropriate sentence of imprisonment in light of the factors enumerated in 18 U.S.C. § 3553(a).

Recognizing that the Defendant's motion does not satisfy the conditions for release required by the statute and the cases, extenuating circumstances compel

3

creation of an exception for this Defendant. This Court recognizes that Defendant is most likely not a flight risk and does not pose a danger to the safety of any other person or the community so long as the Defendant is electronically monitored. Most importantly, if Defendant is detained pending his appeal, Defendant will likely serve the entire three month term of imprisonment before his case is resolved by the Fourth Circuit Court of Appeals. "While the Court sees no merit in the issues rased on appeal, it would be presumptuous to think the defendant has no chance of reversal. There seems little point to an appeal if the defendant will serve his time before a decision is rendered." *United States v. McManus*, 651 F. Supp. 382, 384 (D. Md. 1987). Therefore, the Court finds good cause to stay Defendant's term of imprisonment pending his appeal.

For the foregoing reasons, Defendant's motion for bond pending appeal is **DENIED**. However, the Court **ORDERS** that the Defendant's term of imprisonment is **STAYED** pending his appeal.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record, and all appropriate agencies, and to mail a copy to the defendant, Adrian G. Vanleen, via certified mail, return receipt requested.

**DATED**: March 7, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE